# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DREAMA C.,**
**Petitioner Below, Petitioner**

**FILED**
**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-1**    (Fam. Ct. Kanawha Cnty. No. 23-D-1029)

**TERRY C.,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Dreama C.[1] appeals the Family Court of Kanawha County's December 5, 2023, order that transferred her Petition for Grandparent Visitation to the Circuit Court of Upshur County pursuant to West Virginia Code § 48-10-301 (2006) and Rule 6 of the Rules of Practice and Procedure for Child Abuse and Neglect Proceedings. Respondent Terry C. filed a response in support of the family court's order.[2] Dreama C. filed a reply. The issue is whether the Family Court of Kanawha County should have retained jurisdiction over the matter.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Dreama C. is the paternal grandmother of two minor children. In 2012, the minor children became the subjects of an abuse and neglect action that commenced in the Circuit Court of Upshur County, West Virginia.

On January 17, 2014, the circuit court appointed Terry C. and his (late) wife, Brenda C., as the children's legal guardians and awarded Dreama C. grandparent visitation. However, on December 26, 2017, the circuit court entered a protective order that ordered

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Dreama C. is self-represented. Terry C. is represented by Daya Masada Wright, Esq.

1

Dreama C. to have no direct or indirect contact with the children. The children have resided in Upshur County since at least January 2014.

On November 30, 2023, Dreama C. filed a Petition for Grandparent Visitation in the Family Court of Kanawha County. On December 5, 2023, the family court entered a final order that transferred Dreama C.'s grandparent visitation action to the Circuit Court of Upshur County pursuant to Rule 6 of the Rules of Practice and Procedure for Child Abuse and Neglect Proceedings and West Virginia Code § 48-10-301. It is from this order that Dreama C. appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Dreama C. asserts thirty-six assignments of error. However, none of her assignments of error pertain to the family court's order that is subject to this appeal. Rather, Dreama C. assigns error to the circuit court's rulings made between 2012 and May 2023 in her grandchildren's abuse and neglect case. Rule 1(b) of the West Virginia Rules of Appellate Procedure provides that this Court "has no original jurisdiction and no jurisdiction over . . . judgments or final orders in child abuse and neglect proceedings[.]" Further, to appeal a final order or judgment in an abuse and neglect proceeding, a notice of appeal must be filed with the Supreme Court of Appeals within thirty days of the date the judgment being appealed was entered. *See* W. Va. R. App. Proc. 11(b).[3] Thus, we conclude that this Court has no appellate jurisdiction to review Dreama C.'s assignments of error as they pertain to the circuit court's past orders in the abuse and neglect proceeding.

Additionally, West Virginia Code § 48-10-301 (2006) states that "[a] grandparent of a child residing in this state may, by motion or petition, make application to the circuit court or family court of the *county in which that child resides* for an order granting visitation with his or her grandchild." (emphasis added). Rule 6 of the Rules of Practice

---

[3] The record indicates that Dreama C. did not appeal the circuit court's orders to the Supreme Court of Appeals.

and Procedure for Child Abuse and Neglect Proceedings states that a "[circuit] court retains exclusive jurisdiction over placement of the child while the case is pending, as well as over any subsequent requests for modification, including, but not limited to, changes in permanent placement or visitation . . ."

Here, Dreama C.'s grandchildren have resided in Upshur County since at least 2014; thus, Upshur County has proper jurisdiction. Further, it is clear that the circuit court retains jurisdiction over any subsequent visitation proceeding pursuant to Rule 6 of the Rules of Practice and Procedure for Child Abuse and Neglect Proceedings. Therefore, we conclude that the family court did not have proper jurisdiction to preside over Dreama C.'s grandparent visitation action, and neither abused its discretion nor clearly erred by transferring the action to the Circuit Court of Upshur County.

Accordingly, we affirm the Family Court of Kanawha County's December 5, 2023, final order.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear